**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-01720

YOSEMITE DEVELOPMENT, L.L.P.,

Plaintiff,

v.

OHIO SECURITY INSURANCE COMPANY,

Defendant.

---

# NOTICE OF REMOVAL

---

Defendant Ohio Security Insurance Company ("Defendant"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

## INTRODUCTION

1. On or about May 27, 2021, Plaintiff initiated this action by filing its Complaint in the District Court, Denver County, State of Colorado, Case No. 2021CV31694 ("State Action"). *See* Plaintiff's Complaint, attached as **Exhibit A.**

2. Plaintiff's Complaint asserts two claims for relief against Defendant, including a First Claim for Relief for Breach of Contract and a Second Claim for Relief for alleged Violation of C.R.S.§ 10-3-1115 and 1116. *See* Plaintiff's Complaint, attached as **Exhibit A.**

3. This action arises out of Plaintiff's demand for property insurance coverage due to roof damage to its commercial property purportedly attributable to a hailstorm that occurred on either June 1, 2019 or June 19, 2018. *See* Plaintiff's Complaint, ¶¶ 18, 21, attached as **Ex. A.**

**COMPLIANCE WITH THE RULES**

4. All procedural requirements related to the removal of this action have been satisfied.

5. On June 2, 2021, through Corporation Service Company, Plaintiff served Defendant with a copy of a Summons, attached hereto as **Exhibit C,** and Plaintiff's Complaint and Jury Demand, attached as **Exhibit A.** .

6. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint (**Exhibit A**) and Return of Service (**Exhibit B**) are attached to this Notice of Removal**.**

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2021CV31694, Denver County District

Court, State of Colorado. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

11. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13. Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

15. Plaintiff Yosemite Development, L.L.P. is a Colorado limited liability partnership that maintains its principal place of business in Greenwood Village, Colorado. *See* **Exhibit A,** ¶ 1. Further, the Plaintiff is a limited liability partnership consisting of sixteen (16) partners who maintain mailing addresses in Colorado, Oregon, California, Texas, and North Carolina. None are known to be citizens of New Hampshire or Massachusetts, the states in which Defendant is incorporated and maintains its principal place of business and are, therefore, deemed to be citizens.

16. Defendant Ohio Security Insurance Company is a citizen of the State of New Hampshire and the State of Massachusetts. Defendant is incorporated under the laws of the

State of New Hampshire and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17. For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18. While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.

19. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

21. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper

from which it may first be ascertained in the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22. In its Complaint, Plaintiff alleges that "the cost of repairing the hail damage to the Property is in the **low-to-mid six figures. Exhibit A,** ¶ 37 (emphasis added). In addition to the contractual amount requessted, Plaintiff demands "'reasonable attorney fees and court costs and two times the covered benefit' in addition to damages claimed elsewhere in this Complaint." *See* **Exhibit A,** ¶ 54; *see also* Wherefore Clause, p. 7, ¶ b. *See also Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, *4 (D. Colo. 2010)(the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1412327 (D.Colo. 2013)(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

23. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

24. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Ohio Security Insurance Company requests that the action now pending in the Denver County District Court, Case No. 2021CV31694, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 23rd day of June, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Brian J. Spano*

Brian J. Spano, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 623-9000
E-mail: bspano@lewisroca.com

*Attorneys for Defendant*
*Ohio Security Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June, 2021 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Richard Daly, Esq.
John Scott Black, Esq.
Daly & Black P.C.
2211 Norfolk Street, Suite 800
Houston, TX 77098
(713) 655-1405
rdaly@dalyblack.com
jblack@dalyblack.com
ecfs@dalyblack.com

Jonathan S. Sar, Esq.
Thomas J., Archer, Esq.
3200 Cherry Creek South Drive, Suite 520
Denver, CO 80209
(303) 835-4572
jsar@dalyblack.com
tarcher@dalyblack.com

*Attorneys for Plaintiff Yosemite Development L.L.P.*

*s/ Brian J. Spano*
Brian J. Spano, Esq.