| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: May 27, 2021 3:27 PM<br>FILING ID: 450C42178513F<br>CASE NUMBER: 2021CV31694 |
| Plaintiff:  YOSEMITE DEVELOPMENT, L.L.P.<br><br>v.<br><br>Defendant:  OHIO SECURITY INSURANCE<br>COMPANY | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiffs:*<br>Richard Daly, #51941<br>John Scott Black, #50440<br>Daly & Black, P.C.<br>2211 Norfolk Street, Suite 800<br>Houston, TX 77098<br>Phone: (713) 655-1405<br>Fax:    (713) 655-1587<br>Email: rdaly@dalyblack.com<br>        jblack@dalyblack.com<br>        ecfs@dalyblack.com<br><br>Jonathan S. Sar, #44355<br>Thomas J. Archer, #49884<br>Daly & Black, P.C.<br>3200 Cherry Creek South Drive, Suite 520<br>Denver, CO 80209<br>Phone: (303) 835-4572<br>Fax:    (888) 375-0630<br>Email: jsar@dalyblack.com<br>        tarcher@dalyblack.com | **Case Number:**<br><br>**Division:**<br><br>**Courtroom:** |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** ||

Plaintiff, Yosemite Development, L.L.P. ("Plaintiff"), through its attorneys, Daly & Black, P.C., for its original complaint against Defendant, Ohio Security Insurance Company ("OSIC"), alleges as follows:

1



**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a Colorado limited liability partnership with a principal office street address of 6565 S. Dayton St. #3000, Greenwood Village, CO 80111.

2. Plaintiff is the owner of the subject property located at 4650 S. Yosemite St., Greenwood Village, CO 80111 (the "Property"), an L-shaped commercial building that houses a Dairy Queen and several other small businesses.

3. Plaintiff is the beneficiary of a property insurance policy covering the Property issued by OSIC with the policy number BKS55367442 (the "Policy") and a policy term from January 1, 2018, to January 1, 2019.

4. Plaintiff was insured by OSIC at all times described in this Complaint.

5. OSIC is a New Hampshire corporation doing business in Colorado, and its registered agent in Colorado is the Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

6. At all times described in this Complaint, OSIC was engaged in the business of insurance in the State of Colorado.

7. All relevant acts described in this Complaint occurred in the State of Colorado, under Colorado law, and involve an insurance policy governed by Colorado law.

8. This Court has personal and subject matter jurisdiction over this case under C.R.S. §§ 13-1-124(1)(a), (c), and (d).

9. Under C.R.C.P. 98(c)(1), venue is proper in this Court, which Plaintiff designates as the place of trial of this action.

**GENERAL ALLEGATIONS**

10. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

11. The Policy provides coverage for direct physical loss of or damage to the Property caused by or resulting from covered causes of loss, including damage resulting from windstorms and hail.

12. The Policy provides coverage for damage to the Property on a replacement cost basis, subject to a coinsurance requirement and deductible.

13. Pursuant to the loss payment and valuation provisions of the Policy, OSIC is required to pay for the cost to repair or replace damage to the Property with other property of like kind and quality, up to the coverage limit, without deduction for depreciation.

14. Additionally, the Policy provides coverage for the increased costs incurred to comply with ordinances or laws in the course of repairing, rebuilding, or replacing damaged parts of the Property.

15. The Policy does not limit covered damage only to damage that affects the "function" of the damaged components of the Property.

16. During the Policy term from January 1, 2019, to January 1, 2020, the limit of such replacement cost coverage was $852,198 and the deductible was $1,000.

17. OSIC also insured the Property under the Policy, with a policy term of January 1, 2018, to January 1, 2019.

18. On or about June 1, 2019, a severe wind and hailstorm struck the Greenwood Village, Colorado area. According to meteorological data, hail up to 2.50-inches fell at or near the Property, with a combined storm duration of 20 minutes, storm speeds of 16 mph and 19 mph, and east-southeast and southeasterly directions.

19. The storm generated news coverage, with CBS Channel 4 news reporting "June Starts with Hail . . . Storms moved over the Denver metro area early in the afternoon on Saturday . . . With some of the storms pounding parts of our area with anywhere from marble to ping-pong size hail along with heavy rain." https://denver.cbslocal.com/2019/06/01/june-starts-with-hail/.

20. During the storm, the Property was severely damaged by, among other things, large hailstones. The damage included damage to the EPDM roof; standing seam metal roof; HVAC components; and other components of the Property's exterior.

21. In the alternative, the Property may have been damaged by another severe hailstorm that struck the Greenwood Village area on June 19, 2018.

22. Upon information and belief, on or about August 4, 2019, Plaintiff filed a claim with its insurance company, OSIC. OSIC assigned claim number 23842577 to the claim (the "Claim").

23. OSIC engaged an engineering firm, Haag Engineering ("Haag"), to inspect the Property and advise on the Claim.

24. On or about September 1, 2020, Mr. Jason Boehm, P.E. from Haag inspected the Property. Mr. Boehm prepared a "Roof Evaluation" report dated September 15, 2020, in which Mr. Boehm observed:

- "The property had been struck by hail. Steel parapet coping and steel roofing panels on mansards were dented by hail. Dents from hail were shallow deformations up to approximately 1 inch wide. North facing AC fins on the roof featured dents up to approximately 1-inch across."

- "The EPDM membranes on the roofs were not torn by hail."

- "The fiberboard substrate was dented consistent with impacts from hail. Dents in the fiberboard constituted a small portion (less than 2 tenths of 1 percent) of the adhered area and will not affected [sic] the performance of the roof, and, as such, those roofs can be left as is. If it were desired to address dents in the fiberboard, the roof would have to be replaced."

25. Mr. Boehm's report further concluded that "dents in the substrate from hail most likely occurred on or about June 19, 2018, when hail up to 2 inches in diameter was reported within a mile of the site."

26. Mr. Boehm's report did not state when he believed the observed damage to the Property's roof metals and HVAC components occurred.

27. OSIC sent a letter dated September 30, 2020, to Plaintiff's public adjuster, Compass Adjusting, in which OSIC wrote:

> The late reporting of the claim has prejudiced our ability to investigate the claim. Further, questions remain as to when the damage occurred and if the indentation in the roofing substrate would constitute direct physical loss, as Mr. Boehm has reported to us that the performance of the roof was not impacted. Lastly, we are currently investigating the current value of the building and if it is insured to value and if the Coinsurance condition of the policy will apply.

28. Compass Adjusting sent OSIC two weather reports for its consideration. One concluded: "[h]ail of varying sizes, and as large as 1.50' (walnut, ping pong sized hail) occurred at the incident location between approximately 2:07 p.m. and 2:18 p.m. on June 1st, 2019." The other concluded: "[h]ail with size ranging from .75 [inches] in diameter to 1.25 [inches] in diameter impacted the loss location on June 19th, 2018."

29. OSIC hired its own meteorologist to opine on the date of loss, who concluded: "'hail up to 2.00' in diameter impacted the [s]ite on June 19th, 2018 with a brief period of hail up to 1.50" in diameter occurring shortly before that, while hail up to 1.00" in diameter impacted the Site on June 1st, 2019."

30. On or about March 8, 2021, OSIC sent another letter to Compass Adjusting erroneously dated March 8, 2020. The letter denied Plaintiff's claim for damage on the basis that (i) "the hail damage to the building occurred on June 19, 2018 and not on June 1, 2019"; and (ii) because "the dents in the fiberboard do not affect the performance of the roof, we are not in agreement that the low-slope membrane roof is damaged or needs to be replaced."

31. OSIC's March 8, 2021, letter did not address damage to any components of the Property other than the EPDM roof.

32. OSIC's letter stated that "our investigation was prejudiced by the late reporting of the damage" but did not explain how OSIC was prejudiced.

33. OSIC's letter concluded: "[a]gain, we certainly encourage you to file a claim with us for the damaging [sic] occurring on June 19, 2018."

34. On March 30, 2021, when Plaintiff's public adjuster requested information about proceeding with a claim for a June 19, 2018, date of loss, OSIC responded: "[w]e investigate and evaluate every claim under its own merits and only when formally submitted to us. Please let me know if the insured would like to file a claim for the June 19, 2018 date of loss."

35. Upon information and belief, OSIC closed the Claim without conducting any additional investigation and without preparing any estimates to repair damage to the Property that OSIC observed.

36. To date, OSIC has not paid any insurance benefits to Plaintiff in connection with damage to the property that OSIC observed.

37. Upon information and belief, the cost of repairing the hail damage to the Property is in the low-to-mid six figures.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

38. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

39. A contract of insurance existed between OSIC and Plaintiff; namely, the Policy.

40. The Policy provides replacement cost coverage, which pays the cost of repair or replacement to covered damage, without a deduction for deprecation, subject to the Policy's limit of coverage.

41. The Policy requires OSIC to pay replacement cost benefits for covered losses.

42. The Policy requires Plaintiff to pay insurance premiums in exchange for replacement cost coverage, which Plaintiff did.

43. Hail damage is a covered loss under the Policy.

44. The weather event(s) and the damage caused by such weather event(s), both of which are described above, constitute a covered loss under the Policy.

45. OSIC paid no insurance benefits under the Policy.

46. OSIC did not pay what the Policy required, including because OSIC determined, without a reasonable basis, that there was no hail damage to certain areas of the Property that were in fact damaged by hail. Regarding the areas that OSIC acknowledged were damaged by hail, OSIC decided not to pay to repair such damage because OSIC did not determine the date of loss, determined that such damage was not "functional" (despite the Policy not containing a requirement that hail damage be "functional"), or for no stated reason.

47. Such failures, among others, constitute a breach of contract.

48. As a result of OSIC's actions and/or inactions equating to a breach of contract, Plaintiff sustained damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. §§ 10-3-1115 AND 1116)

49. Plaintiff realleges and incorporate the previous allegations as if fully set forth herein.

50. At all times pertinent hereto, the following statute of the state of Colorado was in effect:

> **§ 10-3-1115. Improper denial of claims--prohibited--definitions--severability**
>
> (1)(a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

51. C.R.S. § 10-3-1116(1) provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees and court costs and two times the covered benefit."

52. Among other things, OSIC unreasonably delayed or denied payment of insurance benefits owed to Plaintiff by including, but not limited to:

- failing to pay the actual, necessary, and reasonable funds to repair and/or replace damaged portions of the Property caused by the weather event(s) described above;

- denying the Claim for damage (*e.g.*, to the Property's metal roof, roof metals, and HVAC components) without providing a reason for such denial;

- denying the Claim on the basis that observed damage to the Property's flat roof system was not "functional" when the Policy does not require covered damage to be "functional;"

6

- unreasonably investigating the Claim, including by unreasonably favoring the opinion of its own meteorologist over those engaged by Plaintiff's public adjuster; and

- investigating a June 19, 2018, date of loss but unreasonably failing to provide benefits for covered damage that possibly occurred on that date, simply because Plaintiff did not "formally submit" a claim for a June 19, 2018, date of loss.

53. OSIC has unreasonably denied and delayed payment to Plaintiff in violation of C.R.S. § 10-3-1115(1)(a).

54. OSIC is subject to the provisions of C.R.S. § 10-3-1116(1) for "reasonable attorney fees and court costs and two times the covered benefit" in addition to damages claimed elsewhere in this Complaint.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for damages against OSIC as follows:

a. Damages for breach of contract, including the value of benefits Plaintiff was entitled to receive under the Policy;

b. Reasonable attorney fees and court costs and two times the covered benefit under C.R.S. § 10-3-1116(1);

c. An award of all interest, including pre- and post-judgment interest;

d. Costs and expenses; and

e. Such other and further relief as this Court may deem just, equitable or proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

Respectfully submitted May 27, 2021.

*/s/ Jonathan S. Sar*
Richard Daly, #51941
John Scott Black, #50440
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, TX 77098
Phone: (713) 655-1405
Fax:    (713) 655-1587
Email: rdaly@dalyblack.com

jblack@dalyblack.com
ecfs@dalyblack.com

Jonathan S. Sar, #44355
Thomas J. Archer, #49884
Daly & Black, P.C.
3200 Cherry Creek South Drive, Suite 520
Denver, CO 80209
Phone: (303) 835-4572
Fax:     (888) 375-0630
Email:  jsar@dalyblack.com
            tarcher@dalyblack.com

*Attorneys for Plaintiff*
*Yosemite Development, L.L.P.*

Plaintiff's Address:
6565 S. Dayton St. #3000
Greenwood Village, CO 80111

Property Address:
4650 S. Yosemite St.
Greenwood Village, CO 80111